UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DOMINIQUE SMITH, | : | **FIRST AMENDED** |
| | : | **COMPLAINT** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AUGUSTUS ROBERSON, III, | : | Civil Action Number: 9:15-cv-930 |
| CRAIG APPLE, SR., | : | (DNH/TWD) |
| CHRISTIAN CLARK, and, | : | |
| COUNTY OF ALBANY, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over claims relating to the violation of state law under the provisions of 28 U.S.C. § 1367. A timely Notice of Claim was filed in this action on August 26, 2014. Thereafter, the County of Albany failed to request a hearing within 90 days, pursuant to the requirements of Gen. Mun. Law Section 50-H, and later waived their right to take such a hearing by refusing to conduct it.

3. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

1

## PARTIES

4.	Plaintiff Dominique Smith is a citizen of the United States and currently resides in Orleans County, New York. On July 30, 2014, the Plaintiff was a detainee at the Albany County Jail, located at 840 Albany Shaker Road, Albany, New York.

5.	At all times relevant herein, Defendant Augustus Roberson, III, was a corrections officers at the Albany County Jail, with his principal place of business being 840 Albany Shaker Road, Albany, New York.

6.	At all times relevant herein, Craig Apple, Sr. was the Sheriff of Albany County, with his principal place of business being 16 Eagle Street, Albany, New York. Claims in this action are asserted against Defendant Apple in his individual capacity.

7.	At all times relevant herein, Christian Clark was the Jail Administrator of the Albany County Jail, with his principal place of business being 840 Albany Shaker Road, Albany, New York. Claims in this action are asserted against Defendant Clark in his individual capacity.

8.	Defendant County of Albany is a municipality duly incorporated under the laws of the State of New York, with its principal place of business being 16 Eagle Street, Albany, New York.

## FACTS

9.	In July 2014, Plaintiff Dominique Smith was a detainee at the Albany County Jail in Albany, New York.

10.	Over the course of July 30, 2014, and for several months thereafter, Dominique Smith thought she was going to be raped by Defendant Augustus Roberson, III, a corrections officer at the Albany County Jail.

11. On July 30, 2014, Defendant Roberson was assigned to the housing unit in which Ms. Smith was detained. Throughout the course of the day, Defendant Roberson engaged in inappropriate sexual conduct directed at Ms. Smith, including winking, leering, and smiling at her in a sexually explicit manner.

12. This conduct continued to escalate until the evening when Ms. Smith went to take a shower. On the way to the shower, Ms. Smith was confronted by Defendant Roberson, who grabbed his genitals in front of her. In response, Ms. Smith, fearing for her safety, rushed into the shower and shut the door. Defendant Roberson then unzipped his pants and exposed his penis to Ms. Smith, stating "Don't worry, I'm gonna get you next."

13. As a result of Defendant Roberson's statement, Ms. Smith remained in fear that she was going to be raped by Defendant Roberson throughout the rest of her detainment at the Albany County Jail, which was for several months after this incident. Ms. Smith's fear was well founded given it was known throughout the jail by detainees, and upon information and belief, by corrections staff as well, that Defendant Roberson had repeatedly engaged in inappropriate sexual conduct with other detainees with impunity. In fact, Defendant Roberson is currently under investigation for the rape and sexual assault of several other female detainees at the jail. Upon information and belief, this investigation is ongoing.

14. Despite these serious allegations, Defendant Roberson continues to be employed at the Albany County Jail. Although Defendant Roberson was removed from the women's unit, he was routinely allowed to work in locations at the jail where he had substantial contact with female detainees, including the visiting room. In fact, on numerous occasions, Defendant Roberson intimidated Ms. Smith by standing right next to her during visits with her family. Upon information and belief, he did this to ensure Ms. Smith remained silent about his conduct. On several occasions,

Ms. Smith's family members commented on the unusually proximity of Defendant Roberson and their perception that the Defendant was threatening her.

15. The failure to take any meaningful action against Defendant Roberson, or at the very least, preclude Defendant Roberson from having contact with female detainees, represents clear ratification by the County of Albany, and supervisory officials at the jail, including Defendants Apple and Clark ("Supervisory Defendants"). This post-incident ratification is also indicative of a pre-incident custom and practice of allowing male detainees to engage in inappropriate sexual conduct with female detainees. This failure is especially egregious in light of the fact that Defendant Apple publicly stated that "at least one victim's account was credible."

16. Upon information and belief, the supervisory Defendants were aware that Defendant Roberson was raping, assaulting, and/or engaging in other sexually inappropriate conduct towards female detainees at the jail. This is evident given numerous detainees knew about Defendant Roberson's conduct, and likely complained about it prior to this incident. Upon information and belief, the Supervisory Defendants were also aware of numerous prior incidents involving other jail staff who engaged in inappropriate sexual conduct with female detainees at the jail. In fact, there have been numerous documented complaints and incidents involving sexual misconduct committed by jail staff including but not limited to:

- In August 2014, a female inmate[1] was raped on several occasions by another corrections officers at the Albany County Jail. Soon thereafter, she was attacked by an inmate and another corrections officer in retaliation for reporting the rape. Upon information and belief, this corrections officer was not disciplined and continues to work at the jail.

- James Campbell, the prior Sheriff of Albany County, was quoted in an article as stating that he knew of five incidents involving sexual misconduct by staff at the jail in 2006, and three incidents in 2008.

---

[1] This detainee's name has been omitted from this pleading for privacy purposes but will be available to the Defendants during discovery.

4

- In 2007, detainees at the Albany County Jail were surveyed about their experiences at the jail. This sampling revealed that inmates reported sexual victimization by staff members at a rate of 3.1 percent, which exceed the national average of 2 percent.

- In 2003, Jon Teabout, Jr., who was the son of the assistant superintendent at the jail, pled guilty to felony sodomy for trading sexual favors with female inmates.

- In 2002, an Albany County Corrections Sergeant was convicted of sodomy after he admitted to having sex with a female detainee.

- In 1998, four Albany County Jail officers pled guilty to misdemeanor counts of official misconduct, for trading cigarettes for sex with female inmates.

17.   Upon information and belief, the supervisory Defendants were also aware of incidents at other New York State Correctional Facilities, which resulted in substantial publicity, and successful lawsuits.

18.   Despite continuing problems with sexual misconduct between jail staff and female detainees, the County of Albany and the supervisory defendants failed to promulgate and/or enforce appropriate policies and procedures to avoid these problems. For example, the Defendants failed to adopt appropriate policies and procedures regarding the circumstances under which male corrections officers are permitted to be alone with female detainees, especially when they are unsupervised, and/or in areas that are not monitored by video surveillance. Albany County also failed to install sufficient cameras in female housing units to ensure appropriate supervision and monitoring of male detainees. In fact, and upon information and belief, Albany County installed a camera in the women's housing unit after this incident, but the camera was placed in such a position that it would not capture most of the unit. Unlike other correctional facilities in this country, Albany County also could have required corrections officers to wear lapel cameras, and/or audio recorders, but failed to do so. At the very least, Albany County could have female detainees work on the female units. This solution would have been the easiest to implement in light of the fact that the male population at the Albany County Jail is significantly larger than the female

5

population, and moving a male corrections officer to the men's housing unit would have caused little, if any inconvenience.

19. Upon information and belief, the Supervisory Defendants knew or should have known that a failure to implement appropriate policies, supervision, and training would create an obvious and serious risk of harm to female detainees given the Second Circuit's decision in *Cash v. County of Erie*, 654 F.3d 324 (2d Cir. 2001), cert. denied sub nom, *Erie County v. Cash*, 132 U.S. 1741 (2012). In that case, the Second Circuit held that a mere policy prohibiting sexual contact between staff and inmates was not enough. *Id*. Rather, the Court held that the failure to adopt appropriate policies and procedures to address "unmonitored one-on-one interactions between guards and prisoners, demonstrated deliberate indifferent to defendants' affirmative duty to protect prisoners from sexual exploitation." *Id*. As such, the Defendants failure to adopt any meaningful policies and procedures, in light of the persistent and repeated rapes and sexual assaults that occurred at the jail, is inexcusable.

20. The Defendants herein, and each of them, acted within the scope of their authority to act as public servants for the County of Albany.

21. During all times mentioned in this Complaint, Defendants were acting under color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the County of Albany. Defendant Roberson acted within the scope of his authority and acted under color of state law, as he was in uniform, and on-duty during the assault, which also occurred at the jail. Also, Defendant Roberson was able to engage in such conduct because he was given unfettered and unsupervised access to female detainees by the supervisory defendants.

22. Defendants should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of the Plaintiff.

### AS AND A FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT AUGUSTUS ROBERSON, III

**Violation of Constitutional Rights Under Color of State Law
-- Cruel and Unusual Punishment –**

23. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

24. The Eighth Amendment to the United States Constitution prohibits the cruel and unusual punishment of detainees that are incarcerated by the State. Obviously, being sexually assaulted by a corrections officer is not part of the normal penal regimen, and violates contemporary standards of decency.

25. The actions of Defendant Roberson clearly violate the Eighth Amendment to the United States Constitution.

26. Defendant Roberson's actions were motivated by bad faith and malice.

27. Defendant Roberson's conduct also represents a violation of 42 U.S.C. § 1983, given that his actions were undertaken under color of state law.

28. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## AS AND A FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT AUGUSTUS ROBERSON, III

### Violation of Constitutional Rights Under Color of State Law
### -- Substantive Due Process –

29. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

30. The Fourteenth Amendment to the United States Constitution protects the bodily integrity of all citizens, and protects citizens from being sexually harassed and sexually accosted by government officials.

31. The actions of Defendant Roberson clearly violate the 14th Amendment to the United States Constitution.

32. Defendant Roberson's actions were motivated by bad faith and malice.

33. Defendant Roberson's conduct also represents a violation of 42 U.S.C. § 1983, given that his actions were undertaken under color of state law, as detailed in ¶20 of this Complaint.

34. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

**AS AND A FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, CRAIG APPLE, SR., AND CHRISTIAN CLARK**

**Violation of Constitutional Rights Under Color of State Law
-- Implementation of Policies and Practices that Directly Violate Constitutional Rights and Failure to Implement Policies to Avoid Constitutional Deprivations --**

35.     Plaintiff incorporates by reference and realleges each and every allegation stated herein.

36.     Upon information and belief, Defendants Craig Apple, Sr., and Christian Clark were responsible for implementing policies and procedures to avoid the constitutional deprivations of detainees in the custody of the Albany County Jail.

37.     These Defendants failed to implement and/or enforce appropriate policies at the Albany County Jail on a variety of subjects, including sexual harassment, cross-gender supervision, avoidance of sexual assault, monitoring of male Corrections Officers' interactions with female inmates, supervision of female housing units, and sexual assault reporting/prevention.

38.     Upon information and belief, the custom and practice of Albany County Jail, is to allow male COs to supervise female inmates while they are alone, including allowing male Corrections Officers to observe female inmates while they are in a complete state of undress and also allowing them to enter the housing units of female inmates without supervision. These activities are all allowed to occur in the absence of video monitoring of the male Corrections Officers' activities. Supervisory Officials in Albany County have also taken a nonchalant attitude toward both possible and confirmed cases of sexual assault of female inmates by male Corrections Officers; sexual assaults that are completely avoidable had Albany County enacted appropriate policies to prevent them.

39.     In the alternative, and upon information and belief, the Defendants named above have instituted policies addressing the supervision and possible sexual assault of female inmates,

but then have, through gross negligence and carelessness, demonstrated deliberate indifference to inmates under their care by failing or intentionally refusing to enforce them.

40. The policies, procedures, customs and practices of the above-named Defendants violated the Constitutional rights of Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

41. The policies, procedures, customs and practices of the above-named Defendants also represent a violation of 42 U.S.C. § 1983, given that they were undertaken under color of state law.

42. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

### AS AND A FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTSCOUNTY OF ALBANY, CRAIG APPLE, SR., AND CHRISTIAN CLARK

**Violation of Constitutional Rights Under Color of State Law
-- Failure to Train/Supervise/Discipline --**

43. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

44. Upon information and belief, Defendants Craig Apple, Sr., and Christian Clark were responsible for training, supervising and disciplining Defendant Roberson, among other corrections officers at the Albany County Jail.

45. These Defendants failed to appropriately train, supervise, and discipline Defendant Roberson, among other corrections officers at the Albany County Jail on a variety of subjects, including sexual harassment, cross-gender supervision, avoidance of sexual assault, monitoring of male Corrections Officers' interactions with female inmates, escorting female inmates, supervision

of female housing units, and sexual assault reporting/prevention. This is evident given the frequent and widespread nature of the sexual assaults at the Albany County Jail, and the failure of the supervisory defendants to take any meaningful action in response to suspected and/or known incidents of sexual misconduct.

46. In the alternative, and upon information and belief, the Defendants named above have instituted appropriate training regimens, but then have, through gross negligence and carelessness, demonstrated deliberate indifference to inmates under their care by failing or intentionally refusing to enforce them.

47. The policies, procedures, customs and practices of the above-named Defendants violated the Constitutional rights of Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

48. The policies, procedures, customs and practices of the above-named Defendants also represent a violation of 42 U.S.C. § 1983, given that they were undertaken under color of state law.

49. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS AUGUSTUS ROBERSON, III AND COUNTY OF ALBANY**

**Violation of State Law – Assault and Battery**

50. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

51. The actions of Defendant Roberson constitute Assault under New York law. Specifically, Defendant Roberson's action, in grabbing his genitals in front of Ms. Smith, exposing his penis, and threatening to rape Ms. Smith, constitutes Assault and Battery.

52. Defendant Albany County employed Defendant Roberson at the time of this assault.

53. Defendant Roberson also acted within the scope of his authority. As such, Defendant County of Albany is vicariously liable for the actions and inactions of Defendant Roberson.

54. As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS AUGUSTUS ROBERSON, III AND COUNTY OF ALBANY**

**Violation of State Law – Intentional/Negligent Infliction of Emotional Distress**

55. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

56. Defendant Roberson's actions constitute intentional and/or negligent infliction of emotional distress under New York law. Specifically, Plaintiff suffered irreparable emotional injuries when she was sexually assaulted, and thereafter, remained in fear that she was going to be raped for several months.

57. Defendant Roberson also acted within the scope of his authority. As such, Defendant County of Albany is vicariously liable for the actions and inactions of Defendant Roberson.

58. As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, CRAIG APPLE, SR., AND CHRISTIAN CLARK

**Violation of State Law – Negligent Supervision and Retention of Employee**

59. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

60. The actions and inactions of the above named Defendants constitute the negligent supervision and/or retention of employees under New York law. Specifically, the above named defendants were responsible for supervising and/or disciplining Defendant Roberson, and failed in that duty given the allegations made herein.

61. As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

### DEMAND FOR PUNITIVE DAMAGES

62. The actions of the Defendants Roberson described above were extreme and outrageous, and shock the conscience of a reasonable person. Therefore, an award of punitive damages is appropriate to punish the Defendant for this cruel and uncivilized conduct. The Plaintiff does not seek punitive damages against Defendant County of Albany.

### DEMAND FOR TRIAL BY JURY

63. The Plaintiff hereby respectfully requests a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dominique Smith requests that this Honorable Court grant her the following relief:

A.  A judgment against all Defendants awarding Compensatory Damages to the Plaintiff in an amount to be determined by a properly charged Jury;

B.  A judgment against the Defendant Roberson awarding Punitive Damages to the Plaintiff in an amount to be determined by a by a properly charged Jury;

C.  A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988; and,

D.  Any other relief that this Court finds to be just, proper and equitable.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated: February 10, 2016

        Elmer Robert Keach, III, Esquire
        Maria K. Dyson, Esquire
        LAW OFFICES OF
        ELMER ROBERT KEACH, III, PC
        One Pine West Plaza, Suite 109
        Albany, NY   12205
        Telephone: 518.434.1718
        Telecopier: 518.770.1558
        Electronic Mail:
        bobkeach@keachlawfirm.com

        **ATTORNEYS FOR PLAINTIFF**