UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DOMINIQUE SMITH,

                Plaintiff,

    -v-                              9:15-CV-0930
                                   (DNH/TWD)
AUGUSTUS ROBERSON, III, CRAIG
APPLE, SR., CHRISTIAN CLARK, and,
COUNTY OF ALBANY,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                             OF COUNSEL:

LAW OFFICES OF ELMER KEACH, III, P.C.    ELMER R. KEACH, III, ESQ.
Attorneys for Plaintiff                       MARIA K. DYSON, ESQ.
One Pine West Plaza - Suite 109
Albany, NY 12205

ALBANY COUNTY ATTORNEY'S OFFICE    THOMAS MARCELLE, ESQ.
Attorneys for Defendants                     MICHAEL L. GOLDSTEIN, ESQ.
112 State Street, Suite 1010                 TRACY A. MURPHY, ESQ.
Albany, NY 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM, DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Dominique Smith initiated this action on July 29, 2015. Plaintiff brings federal claims in the First Amended Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 alleging: (a) cruel and unusual punishment, (b) violation of substantive due process, (c) failure to implement policies and practices and (d) failure to train. Plaintiff also asserts state law claims for assault and battery, intentional infliction of emotional distress and negligent supervision of employees. She asserts these claims against Augustus Roberson, III, Craig Apple, Sr., Christian Clark and the County of Albany.

Defendants have filed a motion for judgment on the pleadings, which plaintiff opposes.

## II. **FACTUAL BACKGROUND**

The following facts, taken from the Complaint, are assumed true for purposes of the motion for judgment on the pleadings.

In July 2014, Smith was a detainee at the Albany County Jail in Albany, New York. On July 30, 2014, plaintiff feared that defendant Roberson, a corrections officer at the Albany County Jail, was going to sexually assault her. Plaintiff alleges that Roberson made sexually suggestive comments throughout the day. Further, while she was walking to the shower facilities, Roberson chased after plaintiff, exposed his genitalia and stated, "don't worry, I'm gonna get you next." As a result, plaintiff alleges that she remained in fear of Roberson throughout the rest of her detainment at the Albany County Jail, which was for several months after the alleged July 30, 2014 incident. Plaintiff also contends that after July 30, 2014, Roberson repeatedly approached plaintiff during family visits and would stand inappropriately close to her.

Smith also alleges that defendant Apple, the Albany County Sheriff, and defendant Clark, the Albany County Jail administrator (the "supervisory defendants"), served as supervisors to Roberson and failed to take any meaningful action against him. Plaintiff contends that the defendant County of Albany failed to promulgate and enforce appropriate policies and procedures concerning possible sexual misconduct by corrections officers, including policies for when male officers are permitted to be alone with female detainees and to have proper video surveillance. Plaintiff alleges that these supervisory defendants were aware of other allegations of sexual misconduct occurring at the Albany County Jail, including allegations against Roberson, and failed to take any meaningful action.

## III. **DISCUSSION**

The defendants argue that the complaint must be dismissed as against them because: (1) defendant Roberson is entitled to qualified immunity, (2) defendants Apple and Clark are entitled to qualified immunity and (3) plaintiff's claim against the County does not allege deliberate indifference to Smith.

### A. **Standard of Review**

The standard for addressing a motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings is the same as that for a Rule(b)(6) motion to dismiss for failure to state a claim. When considering such a motion, a court must construe plaintiff's complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff's favor. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

### B. **Roberson's Qualified Immunity**

Defendants argue that at the time of the alleged incident in July 2014, it was not clearly established that an isolated incident of inappropriate conduct by a prison employee violated an inmate's Eighth Amendment right. As a result, defendants believe that Roberson is entitled to qualified immunity concerning Smith's first and second causes of action.

A defendant is entitled to qualified immunity in any of three circumstances: (1) if the conduct attributed to him is not prohibited under federal law; (2) where the conduct is prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct; or (3) if the defendant's conduct was objectively legally reasonable in light of the rules that were clearly established at the time it was taken.

The Eighth Amendment protects inmates from cruel and unusual punishment. The Second Circuit has held that sexual abuse of a prisoner by a corrections officer may violate the prisoner's right to be free from cruel and unusual punishment. See Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). In Boddie, the Court found that "there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." Id. In 2015, the Second Circuit found that "a single act of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015). The Court went on to state that:

> [t]o show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment. Similarly, if the situation is reversed and the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident because there can be no penological justification for such contact.

Id. at 257. Defendants contend that prior to the Crawford decision, an isolated incident could not support a finding that the Eighth Amendment had been violated. This argument is unpersuasive.

Even under the Boddie analysis, an isolated incident of sexual assault could support a finding that the Eighth Amendment had been violated if the incident was sufficiently serious. See Boddie, 105 F.3d at 862 ("[n]o single incident that [plaintiff] described was severe enough to be objectively, sufficiently serious. Nor were the incidents cumulatively egregious in the harm they inflicted."); Crawford, 796 F.3d at 256 ("*Boddie* recognized that a single act of sexual abuse

may violate the Eighth Amendment if, as in this case, it is entirely gratuitous and devoid of penological purpose.").

Defendants point to numerous cases were courts have found that no Eighth Amendment violation occurred. However, the alleged conduct in many of these cases consisted of isolated instances of inappropriate touching by a corrections officer, often during a pat search, or sexually suggestive requests or directives. Often, the alleged inappropriate touching was related to a significant, legitimate penological purpose.

Such conduct is fundamentally different from the allegations in the present case. Smith alleges that Roberson chased her, exposed his genitalia to her and threatened her with sexual assault. The alleged conduct did not serve a legitimate penological purpose and the complaint alleges that the sexually inappropriate conduct was made for the defendant's own gratification. See Crawford, 796 F.3d at 256 ("Although not every malevolent touch by a prison guard gives rise to a federal cause of action, the Eighth Amendment is offended by conduct that is repugnant to the conscience of mankind. Actions are repugnant to the conscience of mankind if they are incompatible with evolving standards of decency or involve the unnecessary and wanton infliction of pain."). Under any consideration, such alleged conduct is sufficiently serious to support a finding that the Eighth Amendment was violated.

Similarly, the argument that defendant Roberson is entitled to qualified immunity because he was not aware that such alleged conduct would violate clearly established law must also fail.

The qualified immunity doctrine exists to ensure that government officials can carry out their duties in ways they reasonably believe to be lawful without fear of civil liability. However, while this doctrine "gives ample room for mistaken judgments," it does not protect "the plainly

incompetent or those who knowingly violate the law." Zieper v. Metzinger, 474 F.3d 60, 69 (2d Cir. 2007). Qualified immunity does not protect a prison official whose conduct falls outside of the scope of a corrections officer's official duties and serves no legitimate penological purpose.

Even under the Boddie decision, no reasonable prison official in Roberson's position could have concluded that chasing a detainee and exposing one's genitals to them while making sexually suggestive comments would not have resulted in a sufficiently serious harm to form the basis of an Eighth Amendment claim. Such alleged conduct is not a mistaken judgment of defendant's duties, would serve no legitimate purpose and would humiliate and inflict psychological pain on the detainee.

In sum, if Roberson engaged in the alleged conduct towards Smith, that conduct could constitute an Eighth Amendment violation. Qualified immunity cannot protect Roberson as such conduct falls outside the scope of a corrections officer's official duties and would violate plaintiff's clearly established rights.

### B. Apple and Clark Qualified Immunity

Defendants also contend that defendant Sheriff Apple and defendant Superintendent Clark are entitled to qualified immunity as the alleged inappropriate conduct of defendant Roberson did not violate Smith's constitutional rights.

For the same reasons already described, the inappropriate sexual conduct alleged by Smith may have violated her Eighth Amendment right and such rights were clearly established in 2014. Therefore, defendants Apple and Clark are not entitled to qualified immunity with respect to plaintiff's third and fourth causes of action.

### C. Failure to Train

Lastly, defendants state that plaintiff's failure to train claim is foreclosed because the County of Albany could not have been deliberately indifferent to a constitutional right, to be free from inappropriate sexual conduct, that did not exist at the time the County defendant trained and supervised its officers.

A municipality may be liable under § 1983 only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Rather, a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.

A municipal policy may be reflected in either action or inaction. In the latter respect, a city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution. Consistent with this principle, "where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." See Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004). Thus, deliberate indifference may be inferred where "the need for more or better supervision to protect against constitutional violations was obvious," Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir.1995), but the policymaker "fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs", Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007).

In the present case, Smith asserts that the supervisory defendants failed to adopt appropriate policies and procedures to prevent sexual assaults in the Albany County Jail, and thus, contributed to plaintiff's injuries. Plaintiff alleges that such appropriate policies and

procedures may have included installing cameras in the detainee housing unit or prohibiting unmonitored one-on-one interactions between male corrections officers and female inmates. Further, plaintiff has pled that the supervisory defendants were aware, or should have been aware, of several publicized incidents of sexual misconduct occurring at the Albany County Jail and failed to take corrective action. Lastly, plaintiff alleges that after July 30, 2014, the supervisory defendants failed to preclude Roberson from having contact with plaintiff or other female detainees.

As the complaint alleges that the supervisory defendants were aware of incidents of sexual assault and failed to take any meaningful actions, a finder of fact could infer deliberate indifference. As a result, the complaint is sufficient to defeat the motion for judgment on the pleadings and permit discovery. See Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992).

## IV.     **CONCLUSION**

Therefore, it is ORDERED the Defendants' motion for judgment on the pleadings is **DENIED** in its entirety.

IT IS SO ORDERED.

United States District Judge

Dated: March 16, 2016
       Utica, New York